[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10644

_____

Agency No. 12-CA-145083

JORGIE FRANKS,

Petitioner,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent.

_____

No. 16-10788

_____

Agency No. 12-CA-145083

SAMSUNG ELECTRONICS AMERICA, INC.,
f.k.a. Samsung Telecommunications America, LLC,

Petitioner-Cross Respondent,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent-Cross Petitioner.

_____

Petitions for Review of a Decision of the
National Labor Relations Board
_____

(July 31, 2018)

Before MARTIN and HULL, Circuit Judges and RESTANI,[*] Judge.

HULL, Circuit Judge:

In January 2015, after leaving her job at Samsung Electronics America ("Samsung"), Jorgie Franks filed an unfair labor charge with the National Labor Relations Board ("NLRB"). In her charge, Franks alleged that Samsung violated the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, et seq. by (1) maintaining an employment agreement that required employment disputes to be resolved through individualized arbitration and that waived its employees' rights to pursue collective action lawsuits against Samsung; (2) interrogating Franks about her pursuit of a collective action lawsuit against Samsung; and (3) ordering Franks not to talk to her coworkers about the prospect of filing a collective action lawsuit against Samsung.

_____

[*]Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

A three-member panel of the NLRB ruled that Samsung's employment agreement violated the NLRA and that Samsung had unlawfully interrogated Franks. Samsung Elecs. Am., Inc. f/k/a Samsung Telecomm. Am., LLC & Jorgie Franks, 363 N.L.R.B. No. 105 (Feb. 3, 2016). However, the NLRB panel found that Samsung did not issue a "do not talk" order to Franks. Id.

In 2016, Samsung filed a petition for review of the NLRB panel's order in this Court, challenging the NLRB panel's findings that Samsung's employment agreement violated the NLRA and that Sanchez unlawfully interrogated Franks.[1] Franks also filed a petition for review, challenging the NLRB panel's rejection of her "do not talk" claim and asking this Court to affirm the remainder of the NLRB panel's order. The NLRB subsequently filed a cross-application for enforcement of the order, arguing that Samsung's employment agreement violated the NLRA and that the NLRB panel's finding that Samsung unlawfully interrogated Franks was supported by substantial evidence. The NLRB also asserted that the NLRB panel's finding that Sanchez did not instruct Franks not to talk to other employees was supported by substantial evidence.

After careful consideration, and with the benefit of oral argument, we (1) deny the NLRB's cross-application for enforcement, (2) deny Franks' petition

---

[1]Initially, Samsung filed its petition for review with the Fifth Circuit Court of Appeals. The Fifth Circuit Court of Appeals subsequently transferred Samsung's petition to this Court, pursuant to an order from the Judicial Panel for Multidistrict Litigation.

for review, (3) grant Samsung's petition for review, (4) reverse the NLRB panel's ruling that Samsung's agreement violated the NLRA, (5) reverse the NLRB panel's ruling that Samsung unlawfully interrogated Franks, and (6) affirm the NLRB panel's ruling that Samsung did not issue an unlawful "do not talk" order to Franks.

## I.    BACKGROUND

### A. Franks' Employment with Samsung

In January 2013, Samsung hired Franks as a Field Sales Manager in the Tampa, Florida area. At the time Franks was hired, Samsung required its employees to sign a "Mutual Agreement to Arbitrate Claims" ("Agreement"). In relevant part, the Agreement stipulated that work-related disputes between the signatory employee and Samsung would be resolved through individualized arbitration and that there would be no right to litigate employment-related disputes in class or collective action lawsuits:

**CLAIMS COVERED BY THE AGREEMENT**

Except as otherwise provided in this Agreement, both the Company and I agree that neither of us shall initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination to the Equal Employment Opportunity Commission or a similar fair employment practices agency or an administrative charge within the jurisdiction of the National Labor Relations Board) in any way related to any claim covered by this Agreement. Moreover, there will be no right or authority for any dispute to be brought, heard or arbitrated as a class action (including without limitation opt out class actions or opt in collective class actions) or in

4

a representative capacity on behalf of a class of persons or the general public.

The Agreement covered, among other things, "claims for wages or other compensation due."

In mid-2014, Franks became concerned that Samsung was not paying her overtime wages. In August 2014, Franks asked three coworkers about whether they shared her concerns, and if so, whether they would be interested in joining her in a lawsuit against Samsung.

A few weeks later, on September 3, 2014, Franks received a phone call from Sandra Sanchez, a Samsung Human Resources Business Partner. Initially, Sanchez asked Franks about how work was going and whether she liked working for Samsung. Franks responded with vague answers, as she was nervous to be speaking with such a high-ranking Samsung manager.

Sanchez then said "before you jump off the phone, let me talk to you about the real issue, why I called." Sanchez told Franks that other Samsung employees had complained that Franks had approached them about filing a lawsuit against Samsung. Sanchez explained to Franks that Franks' comments had made her coworkers feel uncomfortable. Sanchez also asked Franks "is there anything you would like to [tell] me about now?"

Franks responded "no," at which point, Sanchez explained "we really don't want you calling—or you know—reaching out to your coworkers to discuss these

5

types of things." Sanchez instructed Franks to come to her directly with any concerns.

In response, Franks asked Sanchez whether "it's not okay for me to . . . talk with my coworkers . . . and discuss things" about working at Samsung. Sanchez assured Franks that she could talk to her fellow employees as she wished. Sanchez conceded that she herself had vented to other coworkers before, acknowledging the "normal ups and downs" of working. But Sanchez explained to Franks that her comments were making her coworkers feel uncomfortable.

During the phone call, Franks never confirmed to Sanchez whether she was actually pursuing a lawsuit against Samsung. After the phone call ended, Franks called one of her coworkers and told her about what Sanchez had said.

A few weeks later, Samsung Human Resources received an anonymous complaint from one of Franks' coworkers, who claimed that Franks had approached him during a conference in mid-September (i.e., after Sanchez's phone conversation with Franks) and asked whether he was interested in filing a lawsuit against Samsung. The employee stated that Franks' comments had made him uncomfortable.

Sanchez followed up on this complaint by sending an email to Franks on October 7, 2014. Sanchez's email stated:

> As you are aware, you and I spoke on September 3, 2014. In this conversation, you told me that you had no issues with Samsung and

6

whatever conversations that you were having with your peers was simply normal "venting between peers." You also stated in that same conversation that you have not make [sic] any comments regarding a lawsuit or charge against Samsung and that you "loved working for Samsung."

We recently received a separate phone call from one of the [Field Sales Managers] in the Southeast region stating that you had approached him about "a lawsuit you had filed with an attorney about Samsung" during the regional training the week of September 8, 2014 which was after our conversation noted above.

Has anything changed since our September 3rd conversation? I would like to reiterate again that you can always reach out directly to me with any issues/concerns.

Franks responded by email the following day, October 8, 2014. Franks wrote that she was not comfortable speaking with Sanchez about the matter, but that if Sanchez had any questions, she should call Franks' attorney.

Franks stopped working for Samsung on October 29, 2014.

## B. Procedural History

On November 13, 2014, Franks, along with several former employees of Samsung (collectively, "Samsung Class Plaintiffs"), filed a "Nationwide Collective Action Complaint" against Samsung in the United States District Court for the Middle District of Florida. The complaint alleged that Samsung violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., by failing to pay overtime wages to its Field Sales Managers and by failing to maintain adequate records.

7

On January 9, 2015, after demanding that the complaint be withdrawn in light of the arbitration clause in its employment agreements, Samsung filed a "Motion to Dismiss and Compel Mediation/Arbitration." On January 27, 2015, the Samsung Class Plaintiffs voluntarily dismissed their lawsuit against Samsung without prejudice.

On January 26, 2015—the day before the Samsung Class Plaintiffs dismissed their lawsuit against Samsung—Franks filed her unfair labor charge with the NLRB. In her charge, Franks alleged that Samsung violated her rights under § 8(a)(1) of the NLRA, 29 U.S.C. § 158(a)(1), by: (1) maintaining an agreement that forced its employees, including Franks, to waive their rights to pursue collective action lawsuits against Samsung; (2) interrogating Franks about her pursuit of a collective action lawsuit against Samsung (citing Sanchez's September 3 phone call); and (3) ordering Franks not to talk to her coworkers about the prospect of filing a collective action lawsuit against Samsung (citing Sanhez's September 3 phone call and October 7 email).

On August 18, 2015, an administrative law judge ("ALJ") found that Samsung's employment agreement requiring individualized arbitration of employment-related disputes, and waiving the employees' rights to pursue class or collective action lawsuits against Samsung, violated the NLRA. The ALJ also ruled that Samsung violated the NLRA by ordering Franks not to talk to her

8

coworkers about filing a collective action lawsuit against Samsung. However, the ALJ found that Samsung did <u>not</u> unlawfully interrogate Franks about filing a collective action lawsuit against Samsung. Samsung challenged the ALJ's two findings against it.

On February 3, 2016, a three-member panel of the NLRB agreed with the ALJ that the employment agreement violated the NLRA. <u>Samsung Elecs. Am.</u>, 363 N.L.R.B. No. 105. But the NLRB panel disagreed with the ALJ as to the other two rulings; instead, the NLRB panel concluded that Samsung <u>did</u> unlawfully interrogate Franks but that Samsung did <u>not</u> issue a "do not talk" order to Franks. <u>Id</u>.

As detailed above, the parties collectively challenge the NLRB panel's three rulings. We review each in turn.

## II.    DISCUSSION

### A. Standards of Review

This Court reviews <u>de novo</u> the NLRB panel's legal conclusions. <u>Mercedes-Benz U.S. Int'l, Inc. v. Int'l Union, UAW</u>, 838 F.3d 1128, 1134 (11th Cir. 2016).

This Court will sustain the NLRB panel's factual findings if they are supported by substantial evidence in the record as a whole. <u>Id.</u>; <u>see</u> 29 U.S.C. § 160(e). Substantial evidence is the degree of evidence that could satisfy a reasonable factfinder, as [the NLRB panel] cannot rest its factual conclusions on a

mere "scintilla of evidence." Cooper/T. Smith, Inc. v. NLRB, 177 F.3d 1259, 1261–62 (11th Cir. 1999) (quoting Northport Health Servs., Inc. v. NLRB, 961 F.2d 1547, 1550 (11th Cir. 1992)); see also Allentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 377, 118 S. Ct. 818, 828 (1998). A reviewing court may not "displace [the NLRB panel's] choice between two fairly conflicting views, even though the court [may] justifiably have made a different choice had the matter been before it de novo." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S. Ct. 456, 465 (1951). Where the evidence is conflicting and the NLRB panel's determination rests on credibility determinations, we are bound by those determinations unless they are "inherently unreasonable or self-contradictory." NLRB v. IDAB, Inc., 770 F.2d 991, 996 (11th Cir. 1985) (quotation omitted).

## B. Samsung's Employment Agreement

After the NLRB panel issued its order, the Supreme Court decided Epic Systems Corp. v. Lewis, which forecloses Franks' first claim against Samsung. 584 U.S. __, 138 S. Ct. 1612 (2018). Epic Systems concerned whether employer-employee agreements that contain class and collective action waivers and stipulate that employment disputes are to be resolved by individualized arbitration violate the NLRA. Id. at __, 138 S. Ct. at 1619–21, 1632. The Supreme Court held that such agreements do not violate the NLRA and that the agreements must be enforced as written pursuant to the Federal Arbitration Act. Id. at __, 138 S. Ct. at

1619, 1632.  We therefore grant Samsung's petition for review and reverse the

NLRB panel's ruling concerning the legality of Samsung's employee arbitration

agreement with Franks.

## C. Samsung's Interrogation of Franks

In light of Epic Systems, we also reverse the NLRB panel's finding that

during the September 3 phone call Sanchez "unlawfully" interrogated Franks about

Franks' pursuit of a collective action lawsuit against Samsung.

"An employer violates section 8(a)(1) of the Act by coercively interrogating

its employees about their [protected] activities."  NLRB v. Gaylord Chem. Co.,

824 F.3d 1318, 1333 (11th Cir. 2016) (quotation omitted).  An interrogation is

coercive if, in light of "all the surrounding circumstances, 'its probable effect'

tends to interfere with the employees' exercise of their [§ 7] rights.'"  Id.

(emphasis added) (quoting NLRB v. E.I. DuPont De Nemours, 750 F.2d 524, 527

(6th Cir. 1984)).

Here, the NLRB panel reviewed the parties' testimony as to the September 3

phone call and the October 7 email and determined that Sanchez interrogated

Franks.  Samsung Elecs. Am., 363 N.L.R.B. No. 105 at 1–3.  The NLRB panel

additionally considered extraneous circumstances, such as the nature of the Franks-

Sanchez relationship, in order to support its determination.  Id.  For example, the

NLRB panel considered the fact that Sanchez was "a high-level management

11

official [who] had [n]ever personally contacted Franks prior to September 3" and that Sanchez's reference to a pending lawsuit "[was] calculated to elicit a response" from Franks.  Id.  The NLRB panel also cited the fact that Franks had given an "untruthful response" in response to Sanchez's question about not "talking to anyone" as a sign of mistrust between the two.  Id.

Factually, the NLRB panel's finding that Sanchez unlawfully interrogated Franks is supported by sufficient evidence.  But that finding rests on the legal premise that the interrogation interfered with Frank's exercise of a § 7 right.  Gaylord Chem. Co., 824 F.3d at 1333 (explaining that an employer violates the NLRA when its interrogation interferes with an employee's free exercise of a § 7 right).  In its order, the NLRB panel identified the § 7 right in question as the "protected activity of bringing a collective lawsuit against [Samsung]."  Samsung Elecs. Am., Inc., 363 N.L.R.B. No. 105 at 3.  Similarly, in her petition, Franks contends that Samsung unlawfully interfered with her right to engage in the "protected activity [of] filing and participating in the collective action lawsuit" against Samsung.  However, in light of Epic Systems, Franks validly forfeited the right to pursue a collective action against Samsung when she signed Samsung's employment agreement.  See Epic Systems, 584 U.S. at __, 138 S. Ct. at 1632.  Thus, Samsung could not have violated the NLRA when it allegedly dissuaded Franks from filing a collective action lawsuit, as she was legally not able to do so

12

once she signed her employment agreement.  Put simply, Franks' interference claim fails because she had already given up the very right with which Samsung allegedly interfered.[2]

## D. Samsung's "Do Not Talk" Order

In support of her "do not talk" claim, Franks points to Sanchez's comment during the September 3 phone call, where Sanchez told Franks not to discuss with her coworkers the prospect of filing a collective action lawsuit against Samsung, as it made her coworkers feel uncomfortable.  Samsung Elecs. Am., Inc., 363 N.L.R.B. No. 105 at 3.  The NLRB panel rejected this claim, finding no evidence beyond Franks' testimony to support the allegation.  Id.

It is a violation of the NLRA for an employer "to interfere with, restrain, or coerce" its employees from engaging in concerted activities for the purpose of the employees' mutual aid or protection.  29 U.S.C. §§ 157, 158(a)(1).  An employer's efforts to prevent its employees from discussing the prospect of engaging in a protected activity constitutes such a violation.  See e.g., Ark Las Vegas Rest. Corp. v. NLRB, 334 F.3d 99, 106 (D.C. Cir. 2003) (upholding NLRB panel's finding that employer violated the NLRA when supervisor banned employee from talking to her coworkers about joining a union).

---

[2]This opinion is limited to its facts and only concerns the protected activity of filing and participating in a collective action lawsuit.  Nothing herein addresses any other protected activity.

Substantial evidence supports the NLRB panel's ruling.  When reviewing the NLRB panel's factual findings, our inquiry is limited to whether NLRB panel's determination rests on evidence that "could satisfy a reasonable factfinder."  See Allentown, 522 U.S. at 377, 118 S. Ct. at 828 (emphasis omitted).  Here, Sanchez testified that her statements during the September 3 phone call were meant to resolve complaints from Franks' fellow employees, not to issue a directive preventing Franks from talking to other Samsung employees about their working conditions.  Sanchez testified that the conversation was "short" and "casual," intended to convey to Franks that she could reach out to Sanchez with any concerns.  Additionally, Sanchez assured Franks that she could speak with her fellow employees about work—with Sanchez noting that she too vents to her coworkers about work—and that the purpose of the call was "to make [Franks] aware that there were people that [were] uncomfortable" with her comments.

The NLRB panel determined that neither Franks' nor Sanchez's testimony about the September 3 call deserved to be credited over the other.  Samsung Elecs. Am., Inc., 363 N.L.R.B. No. 105 at 2.  Based on the entire record, this credibility determination was not "inherently unreasonable or self-contradictory."  See IDAB, Inc., 770 F.2d at 996 (quotation omitted).  And because the NLRB panel otherwise supported its determination by reference to the remaining relevant record

14

testimony and circumstantial evidence in this case, there is no issue meriting reversal on this ground.  Id.

### III.    CONCLUSION

In light of Epic Systems, we deny the NLRB's cross-application for enforcement of the NLRB panel's order.  We deny Franks' petition for review.

We grant Samsung's petition for review and reverse the NLRB panel's conclusions (1) that Samsung's employment agreement violated the NLRA and (2) that Samsung unlawfully interrogated Franks about filing a collective action lawsuit against Samsung.  We affirm the NLRB panel's conclusion that Samsung did not issue an unlawful "do not talk" order to Franks.

**NLRB'S CROSS-APPLICATION FOR ENFORCEMENT DENIED; FRANKS' PETITION FOR REVIEW DENIED; SAMSUNG'S PETITION FOR REVIEW GRANTED, AND THE NLRB PANEL'S ORDER IS AFFIRMED IN PART AND REVERSED IN PART.**